**2**

STATE OF OKLAHOMA } S.S.
CLEVELAND COUNTY
**FILED** In The
Office of the Court Clerk

SEP 18 2014

Rhonda Hall, Court Clerk

DOCKET_____PAGE_____RECORDED

_____ DEPUTY

**IN THE DISTRICT COURT IN AND FOR CLEVELAND COUNTY**
**STATE OF OKLAHOMA**

GLEN A. PATTERSON,           )
NONA F. PATTERSON,           )
                             )
          Plaintiffs,        )
                             )
v.                           )     Case No. CJ-14-1152 TB
                             )
FARMERS INSURANCE COMPANY,   )
INC.,                        )          *Attorney Lien Claimed*
                             )          *Jury Trial Demanded*
                             )
          Defendant.         )

### PETITION

COME NOW Plaintiffs Glen A. Patterson and Nona F. Patterson (collectively "Plaintiffs"), by and through their counsel of record Richardson Richardson Boudreaux, hereby assert their claims and causes of action against Defendant Farmers Insurance Company, Inc. ("Defendant"). In furtherance thereof, Plaintiffs inform the Court as follows:

#### PARTIES, VENUE AND JURISDICTION

1.      Plaintiff Glen A. Patterson is a resident of Moore, Cleveland County, Oklahoma.

2.      Plaintiff Nona F. Patterson is a resident of Moore, Cleveland County, Oklahoma.

3.      Plaintiffs Glen A. Patterson and Nona F. Patterson are husband and wife, and for all intents and purposes, are and/or were primary policyholders with Defendant.

4.      Based upon information and belief, Farmers Insurance Company, Inc., ("Farmers") is a property and casualty insurance company organized under the laws of the State of Kansas.

Page 1 of 5

EXHIBIT
2

5.    Based upon information and belief, Farmers offers, sells and provides insurance related services and products in the State of Oklahoma.

6.    Subject matter jurisdiction is proper in the district courts of the State of Oklahoma pursuant to Okla. Const. art. 7, §7 (granting district courts of this state unlimited general jurisdiction over all matters sounding either in law or equity) and Okla. Stat. tit. 12, §2004(F) (authorizing courts of this state to exercise jurisdiction on any basis consistent with the Constitutions of the United States and Oklahoma). The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

7.    Personal jurisdiction over the out of state Defendant is proper pursuant to the State of Oklahoma's long arm statute - Okla. Stat. tit. 12, §2004(F) - authorizing courts of this state to exercise jurisdiction on any basis consistent with the Constitutions of the United States and Oklahoma. Defendant Farmers by itself and /or through its agents systematically offer, sale and provide insurance related services in the State of Oklahoma.

8.    Venue is proper in Cleveland County pursuant to Okla. Stat. tit. 12, §187 as that provision provides that in cases where all of the defendants, like here, are non- residents of the State of Oklahoma, then the county in which one or more Oklahoma plaintiffs reside – here Cleveland County – is where the action properly lies.

### STATEMENT OF THE FACTS

9.    Plaintiff incorporates paragraphs 1 through 8, *supra*, as though stated *verbatim* below.

10.    Plaintiffs had insured their home in Moore, Cleveland County, Oklahoma with Defendant and had a homeowner's insurance policy underwritten by Defendants.

11.    On or about May 20, 2013, a tornado struck Plaintiffs' home causing damage.

12.     Plaintiffs promptly presented their claim to Defendant for processing.

13.     Defendant acknowledged receipt of the claim and accepted it. However, since the date of loss - May 20, 2013 - to present and continuing - Defendant has unreasonably and in bad faith, refused to pay the proper amount for a valid claim under an insurance policy issued by it.

14.     As a result of Defendant's conduct, Plaintiffs have suffered damages as alleged herein.

### CAUSE (S) OF ACTION
### I. BAD FAITH

15.     Plaintiffs hereby incorporate paragraphs 1 through 14, *supra*, as though stated *verbatim* below.

16.     Pursuant to the terms of the insurance policy at issue in this case, Defendant was required to pay Plaintiffs' claim.

17.     The insurer's failure to pay and/or refusal to pay was unreasonable under the circumstances of this case because, among other reasons, Defendant unreasonably delayed in investigating and processing the claim, without just cause, unduly and unreasonably failed to settle and pay in full a valid claim under the policy.

18.     Defendant's failure to pay and/or refusal to pay had no reasonable basis and/or the amount offered to Plaintiffs was unreasonably low.

19.     Defendant did not deal fairly and in good faith with Plaintiffs.

20.     Defendant's violation of its duty of good faith and fair dealing was the direct and proximate cause of the injury sustained.

## II. BREACH OF CONTRACT

21.     Plaintiffs hereby incorporate paragraphs 1 through 14, *supra*, as though stated *verbatim* below.

22.     Plaintiffs and Defendant had a contract of home insurance, whereby upon Plaintiffs timely presentment of validly covered claims, Defendant would within reasonable time investigate and pay the claims in full.

23.     Defendant has, however, breached its contract with Plaintiffs in that even after being timely presented with validly covered claims, Defendant has failed within reasonable time to investigate and pay the claims in full.

24.     Plaintiffs have suffered damages as a direct and proximate result of the breach.

### III. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

25.     Plaintiffs hereby incorporate paragraphs 1 through 14, *supra*, as though stated *verbatim* below.

26.     Defendant's conduct, as outlined herein, was so extreme and outrageous as to go beyond all possible bounds of decency and would be considered utterly intolerable in a civilized society.

27.     Defendant intentionally and/or recklessly caused severe emotional distress to Plaintiff beyond which a reasonable person could be expected to endure.

28.     As a result of Defendant's conduct, Plaintiffs have suffered damage complained of herein.

**EXEMPLARY AND PUNITIVE DAMAGES**
**(AS TO CLAIMS IN # I & III)**

29.    Plaintiffs hereby incorporate paragraphs 1 through 20 and 25 - 28, *supra*, as though stated *verbatim* below.

30.    The acts and omissions by Defendant as set forth in the preceding paragraphs in this Petition demonstrate that Defendant was engaged in conduct and/or practices evincing malice and/or reckless indifference to Plaintiffs' rights.

31.    As a direct result of Defendant's malice and/or reckless disregard for Plaintiffs' rights, Plaintiffs are entitled to exemplary and punitive damages in an amount to be determined at trial commensurate with the financial resources available to Defendant and sufficient to deter others similarly situated from like behavior.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray the Court grant judgment in favor of Plaintiffs and against Defendant for the causes of action alleged herein in an amount in excess of $75,000, exemplary and punitive damages, attorney's fees, costs, pre and post judgment interest, and for such further relief as the Court deems just and proper.

Respectfully submitted,

RICHARDSON, RICHARDSON,
BOUDREAUX

Gary L. Richardson, OBA No. 7547
Charles L. Richardson, OBA No. 13388
Mbilike Mwafulirwa, OBA No. 31164
Richardson Richardson Boudreaux
7447 S. Lewis Ave.
Tulsa, Oklahoma 74136
(918) 492-7674 (Tel.); (918) 493-192 (Fax)
*Attorneys for Plaintiffs*